UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

WILLIAM LANGE,

    Plaintiff,

v.

MEDICREDIT, INC.,

    Defendant.
_____/

CASE NO.

6:14-cv-1583-Orl-31GJK

WILLIAM LANGE ("Plaintiff"), through his attorneys, KROHN & MOSS, LTD., alleges the following against MEDICREDIT, INC. ("Defendant"):

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

2. Count II of Plaintiff's Complaint is based on the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.55 et seq.

3. Count III of the Plaintiff's Complaint is based on Telephone Consumer Protection Act ("TCPA"), 28 U.S.C. § 227 *et seq.*

## JURISDICTION AND VENUE

4. Jurisdiction of this court arises pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy.

5. Because Defendant conducts business in the State of Florida, personal jurisdiction is established.

6. Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

## PARTIES

7. Plaintiff is a natural person who resides in Mims, Brevard County, Florida and is obligated or allegedly obligated to pay a debt and is a "consumer" as that term is defined by 15 U.S.C. 1692a(3).

8. Plaintiff is informed, believes, and thereon alleges, that Defendant is a national debt collection company with a business office in Columbia, Missouri.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

10. Plaintiff is informed, believes, and thereon alleges, that Defendant uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

11. Defendant began placing telephone calls to Plaintiff in 2013 attempting to collect a debt that Defendant acquired alleging Plaintiff owed funds that were past due.

12. Upon information and belief based on the types of debt Defendant collects, the alleged debt arises from personal medical related expenses.

13. Defendant places telephone calls to Plaintiff at (407) 314-64xx, his cellular telephone number, attempting to collect the alleged debt ("collection calls").

14. Defendant places the collection calls from multiple telephone numbers including, but not limited to, 800-888-2238.

15. Based on the frequency and patter, each collection calls was placed to Plaintiff using an automatic telephone dialing system or other equipment capable of storing and/or producing telephone numbers ("auto dialer").

2

16. In or around December 2013, Plaintiff called Defendant and spoke to Defendant's employees, instructed Defendant to stop calling his cell phone.

17. Plaintiff revoked any consent, express or implied, for Defendant to use an auto dialer to call his cell phone.

18. Defendant continued to use an auto dialer to place collection calls to Plaintiff's cell phone.

19. The collection calls were for a non-emergency purpose.

20. Defendant knowingly, willfully, and intentionally used an auto dialer to call Plaintiff's cell phone.

21. Between December 17, 2013 and February 18, 2014, Defendant used an auto dialer to call Plaintiff's cell phone at least forty-nine (49) times, calling Plaintiff up to three (3) times per day.

22. Plaintiff is annoyed and feels harassed by Defendant's continued collection calls to his cell phone.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT, ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

23. Defendant violated the FDCPA. Defendant's violations include, but are not limited to the following:

   a. Defendant violated § 1692d of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, and/or abuse Plaintiff;

   b. Defendant violated § 1692d(5) of the FDCPA by causing a telephone to ring repeatedly or continuously with intent to annoy, abuse, or harass Plaintiff.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

24. Statutory damages of $1,000.00 pursuant to the FDCPA, 15 U.S.C. 1692k;

25. Costs and reasonable attorney's fees pursuant to the FDCPA, 15 U.S.C. 1692k; and

26. Any other relief that this court deems to be just and proper.

## COUNT II
## DEFENDANT VIOLATED THE FLORIDA CONSUMER COLLECTION PRACTICES ACT ("FCCPA"), Fla. Stat. § 559.55 *et seq.*

27. Defendant violated the FCCPA based on the following:

   a. Defendant violated § 559.72(7) of the FCCPA by engaging in conduct which can reasonably be expected to abuse or harass Plaintiff.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

28. Statutory damages pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. § 559.77(2),

29. Costs and reasonable attorneys' fees pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. § 559.77(2),

30. Any other relief that this Honorable Court deems appropriate.

## COUNT III
## DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

31. Defendant's actions alleged *supra* constitute numerous negligent violations of the TCPA, entitling Plaintiff to an award of $500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B).

32. Defendant's actions alleged *supra* constitute numerous and multiple knowing and/or willful violates of the TCPA, entitling Plaintiff to an award of $1500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

33. Statutory damages of $500.00 for each and every negligent violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(B);

34. Statutory damages of $1500.00 for each and every knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(b) and 47 U.S.C. § (b)(3)(C);

35. All court costs, witness fees and other fees incurred; and

36. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

By: /s/ Shireen Hormozdi
Shireen Hormozdi
Krohn & Moss, Ltd
10474 Santa Monica Blvd., Suite 405
Los Angeles, CA 90025
Phone: (323) 988-2400 ext. 267
Fax: (866) 861-1390
Attorney for Plaintiff
FBN: 0882461

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF FLORIDA )
COUNTY OF BREVARD )

Plaintiff, WILLIAM LANGE, says as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, WILLIAM LANGE, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: 6/7/14

_William Lange_
WILLIAM LANGE
Plaintiff